**AFFIRM; and Opinion Filed July 10, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-13-00413-CV**

**THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF F.S.**

**On Appeal from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MI-13-70178**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Evans, and Justice Richter[1]
Opinion by Justice Richter

F.S. appeals from a judgment of commitment for temporary inpatient mental health services, contending there is no evidence or the evidence is factually and legally insufficient to support a finding by clear and convincing evidence that: (1) as a result of mental illness, he was likely to cause serious harm to himself; or (2) his ability to function independently was deteriorating because of mental distress, and he was unable to make a rational decision as to whether or not to submit to treatment. We overrule F.S.'s issues and affirm the trial court's judgment of involuntary commitment.

### Background

Around February 22, 2013, appellant was apprehended on a Mental Illness Warrant and taken to Green Oaks Hospital. The warrant, which was filed by appellant's mother, stated that

---

[1] The Hon. Martin Richter, Justice, Assigned

appellant was eating, living, and sleeping in the apartment's washer/dryer room rather than his bedroom and that appellant was extremely paranoid and believed that the CIA was trying to kill him. The warrant also stated that appellant was sleeping with a metal rod in order to defend himself, was barely eating, was refusing to take his medication, and that the family feared appellant would harm them.

On February 23, 2013, an application for court ordered temporary mental health services was filed with a physician's certificate of medical examination for mental illness signed by Dr. Maximus Anitube. Also on February 23, appellant was transferred to Timberlawn Hospital, and on February 27, 2013, he was transferred to Terrell State Hospital. On March 11, 2013, Dr. Margaret Weidow, a staff psychiatrist at Terrell State Hospital, examined appellant and filed a second physician's certificate of medical examination for mental illness. That certificate identifies appellant's diagnosis as "schizophrenia, paranoid type." On March 12, 2013, the trial court held a commitment hearing, at which both Dr. Weidow and appellant testified. The trial court granted the application and ordered commitment at Terrell State Hospital for a period of time not to exceed ninety days.

**Standard of Review**

In order to involuntarily commit someone for treatment of a mental illness, the trial court must find the statutory criteria for commitment by clear and convincing evidence. TEX. HEALTH & SAFETY CODE ANN. § 574.034(a) (West 2010). Clear and convincing evidence is that "degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *State v. Addington*, 488 S.W.2d 569, 570 (Tex. 1979). Because the state has a heightened burden of proof in commitment cases, this Court applies a heightened standard of review. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). In reviewing a no-evidence or legal sufficiency claim, we examine all the evidence in the light that is most

–2–

favorable to the finding in order to determine whether a reasonable trier of fact could have formed a firm belief or conviction that the finding was true.[2] *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).  In conducting a factual sufficiency review, we will consider the evidence that the fact finder could reasonably have found to be clear and convincing and then determine, based on the entire record, whether the fact finder could have formed a firm belief or conviction that the allegations in the application were proven.  *Id.*

## Order of Involuntary Commitment

A trial court may order temporary inpatient mental services only if it finds by clear and convincing evidence that the patient is mentally ill and that at least one of three criteria results from that mental illness.  TEX. HEALTH & SAFETY CODE ANN. § 574.034(a) (West 2010).  The three criteria are:  (1) the patient is likely to cause serious harm to himself; (2) the patient is likely to cause serious harm to others; or (3) the patient is suffering severe and abnormal mental, emotional, or physical distress, is deteriorating in his ability to function independently, and is unable to make a rational and informed decision as to whether or not to submit to treatment.  TEX. HEALTH & SAFETY CODE ANN. § 574.034(a)(2)(A),(B), and (C)(i)-(iii) (West 2010).  In this case, the trial court found that commitment was justified under criteria one and three.  The clear and convincing evidence the trial court relied on to make this finding must have included expert testimony and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tended to confirm: (1) the likelihood of serious harm to the patient or others; or (2) the patient's distress and the deterioration of the patient's ability to function.  TEX. HEALTH & SAFETY CODE ANN. § 574.034(d) (West 2010).

---

[2] A no-evidence challenge is the same as a challenge to the legal sufficiency of the evidence. *See Johnson v. Oliver*, 250 S.W.3d 182, 185 n.1 (Tex. App.—Dallas 2008, no pet.).

Appellant argues that there was no evidence presented at the hearing of a recent overt act or continuing pattern of behavior to confirm that he was likely to harm himself or that he was suffering severe, abnormal distress and that his ability to function independently was deteriorating. Dr. Weidow testified at appellant's commitment hearing. She stated that appellant was acutely psychotic and delusional with both visual and auditory hallucinations that affected his daily living. These delusions included a belief that the CIA was out to get him and intended to kill him. He also believed that if he wore a t-shirt on his head, it would block radiation. Appellant was also not eating well; he had lost at least 20 pounds since his last admission to the hospital two months earlier, and his body mass index was 19, which Dr. Weidow said is considered very low for a person of his size. Appellant told the doctor that the CIA was manipulating his energy system to cut his appetite.

Appellant testified that if he was released from the hospital, he would go back to the CIA, but would not "retaliate with violence." He stated that he communicated with the CIA through channeling and that the CIA manipulated his energy system by using electromagnetic waves from the satellites that uniquely targeted him and were not those generally dispersed to which everyone is exposed. Appellant told the court that he wore a cap with a 10% silver liner to block cell phone and radio signals and that the CIA had killed three or four people that he knew. He admitted that he had slept in a closet for two weeks before moving to the washer/dryer room. He stated that he slept in the washer/dryer room because it had no windows and would prevent someone from shooting him. He testified that he was being targeted and that he heard helicopters hovering or an "evil matter."

Having reviewed the evidence, we conclude that the evidence is legally and factually sufficient to support the trial court's judgment.

We overrule F.S.'s nine points of error and affirm the trial court's judgment of involuntary commitment.

/Martin Richter/
MARTIN RICHTER
JUSTICE, ASSIGNED

130413F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF F.S.

No. 05-13-00413-CV

On Appeal from the Probate Court No. 3,
Dallas County, Texas
Trial Court Cause No. MI-13-70178.
Opinion delivered by Justice Richter.  Chief
Justice Wright and Justice Evans
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee recover its costs of this appeal from appellant F.S.

Judgment entered this 10th day of July, 2013.


/Martin Richter/
_____
MARTIN RICHTER
JUSTICE, ASSIGNED